JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 21-821 JGB (KKx)** | Date | December 22, 2021 |
|---|---|---|---|
| Title | *Dipak Patel, et al. v. Sylvia Sicre* | | |

Present: The Honorable　JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**　Order DISMISSING Case for Lack of Subject Matter Jurisdiction

　　For the reasons that follow, the Court finds that it does not have subject matter jurisdiction and DISMISSES the case without prejudice to Plaintiffs filing in state court.

## I.　BACKGROUND

　　On May 7, 2021, Plaintiffs Dipak Patel and Shalu Corporation filed a Complaint against Sylvia Sicre ("Defendant"). ("Compl.," Dkt. No. 1.) The Complaint alleges federal question jurisdiction for violations of federal civil rights under 42 U.S.C. §§ 1981 and 1982. (Id. ¶¶ 19-24.) The parties are all citizens of California. (Id. ¶¶ 3-7.)

　　Plaintiffs filed a request for entry of default on July 9, 2021. (Dkt. No. 11.) The clerk entered default on July 12, 2021. (Dkt. No. 12.) On October 28, 2021, Plaintiffs moved for default judgment. (Dkt. No. 16.) Defendant opposed the default judgment and filed a request to set aside default on November 23, 2021. (Dkt. No. 22.)

## II.　LEGAL STANDARD

　　"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 257, 256 (2013). As such, federal courts only have original jurisdiction over civil actions in which (1) a federal question exists, or (2) complete diversity of citizenship between the parties exists and the amount in controversy

exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332.  A plaintiff properly invokes federal question jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States.  See Bell v. Hood, 327 U.S. 678, 681–85 (1946).  Federal courts have a duty to examine their jurisdiction sua sponte.  See FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990); United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

### III.  DISCUSSION

Upon review of the Complaint, the Court determines sua sponte that it does not have subject matter jurisdiction over this case and dismisses the action.  (See Complaint; "Civil Cover Sheet," Dkt. No. 5.)  Plaintiffs assert federal question jurisdiction in both the Complaint and Civil Cover Sheet.  The Complaint, however, is void of allegations that provide a basis for subject matter jurisdiction under either federal question or diversity jurisdiction.

#### A.  Diversity Jurisdiction

To establish diversity jurisdiction, the parties must be citizens of different states, and the matter in controversy must exceed $75,000.  See 28 U.S.C.A. § 1332(a).  The Complaint, however, alleges that Plaintiffs and Defendant are all citizens of the State of California.  (Compl. ¶¶ 3-7.)  This does not meet the requirements of diversity of citizenship.  Therefore, there is no subject matter jurisdiction pursuant to Section 1332.

#### B.  Federal Question Jurisdiction

Plaintiffs bring discrimination actions under 42 U.S.C. §§ 1981 and 1982.  (Id. ¶¶ 19-24.)  Neither action is legally tenable because, in essence, Plaintiffs' Complaint is an eviction action against a former employee who lived on the business premises.

 Section 1981 prohibits racial discrimination by private employers.  Johnson v. Railway Exp. Agency, Inc., 421 U.S. 454, 460 (1975).  Defendant is Plaintiffs' former employee.  (Compl. ¶ 9.)  Plaintiffs do not argue that Defendant is a racially discriminatory employer.  Thus Plaintiffs do not allege federal question jurisdiction.

Under Section 1982, Plaintiffs must allege that they are (1) a member of a racial minority; (2) they applied for and were qualified to rent or purchase certain property or housing; (3) they were rejected; and (4) the housing remained available thereafter.  Phiffer v. Proud Parrot Motor Hotel, Inc., 648 F.2d 548, 551 (1980).  Based on the allegations in the Complaint, it is exceedingly obvious that Plaintiffs do not allege a Section 1982 action.  Plaintiffs were not denied housing on the basis of race.  Plaintiffs own a motel.  They seek to sue a former employee who took residence in the motel because she has since become an unwanted tenant.  Again Plaintiffs fail to allege federal question jurisdiction.

Because both the Complaint fails to provide allegations supporting federal question jurisdiction, this Court finds that no subject matter jurisdiction exists.

## IV.   CONCLUSION

The Court concludes that subject matter jurisdiction does not exist and DISMISSES the case without prejudice to Plaintiff filing this matter in state court.  The Clerk is directed to close the case.

Defendant's Motion to Set Aside Default and Plaintiffs' Motion for Default Judgment are DENIED AS MOOT.

**IT IS SO ORDERED.**